# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: 718 762 1324   johntroy@troypllc.com   Fax: 718 762 1342
41-25 Kissena Blvd., Suite 119, Flushing, New York 11355

April 13, 2020

*Via ECF*

Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   **Joint Letter Motion Requesting Court Approval of Settlement Agreement**
*WANG et al. v CLL BROTHERS, INC. d/b/a Fuji Sushi et al., 19-cv-05145*

Dear Judge Torres:

     The Parties write jointly to report that parties have come to an agreement on settling this matter.

     **I.**     **Background**

     Plaintiff ZHENGJIAN WANG was employed by Defendants CLL BROTHERS, INC. d/b/a Fuji Sushi and QING CHEN, HORNG BIAU LEE, and SUM TAN LAU a/k/a Sum Tan Liu a/k/a "John" Liu, (collectively, "Defendants"),

     This lawsuit was originally filed on October 23, 2017, for violations of the Fair Labor Standards Act and New York Labor Law.  Plaintiff alleged that pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage and unpaid overtime wages, (2) out of pocket expenses to delivery experts on the road, (3) liquidated damages, (4) prejudgment and post-judgement interest; and or (5) attorney's fees and cost. Plaintiff further alleged pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation and unpaid overtime compensation, (2) unpaid spread-of-hours premium, (3) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from

Hon. Analisa Torres
Page 2

employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day, (5) out of pocket expenses to delivery experts on the road, (6) liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, (7) 9% simple prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney's fees and costs. Defendants deny all of Plaintiff's claims in its entirety.

## II. The FLSA Settlement is Fair and Reasonable

Based on the estimated total damages, the amount of Fifty Thousand Dollars ($50,000.00) (inclusive of Plaintiff's legal fees) is fair and the proposed settlement agreement should be approved.  This settlement was the result of a contested litigation and arm's-length bargaining between experienced counsels, and guidance of this Court.

In this context, we note that the litigation risks faced by the parties are substantial. Plaintiff claimed that he was not paid at least the minimum hourly wage rate for all hours worked, and one and one half times the rate of regular hourly rate in excessing of forty hours (40) in a given workweek. If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits.  Afterward, the determination of the case could be the subject of a further appeal.  The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution.  In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate.  The parties believe for all of the reasons stated in this letter, the Cheeks v. Freeport Pancake House, Inc., 796 F. 3d 199, 206 (2d Cir. 2015) factors have been satisfied.

The Settlement Agreement is attached hereto as Exhibit 1.

### A. Plaintiff's Assessment

Plaintiff's counsel evaluated Plaintiff's potential damages by discussing with Plaintiff in great detail the length of his employment, the nature of his work, the hours he worked, and the pay he received as compensation.

Calculations were made based on this review and the potential damages for the Plaintiff are as follows:

Plaintiff ZHENGJIAN WANG claimed that he worked approximately sixty-four (64.25) hours on average each week from January 05, 2018 to September 16, 2018; and he was paid Fifty Dollars ($50.00) per day from January 05, 2018 to September 16, 2018.

Hon. Analisa Torres
Page 3

Plaintiff ZHENGJIAN WANG's minimum wage and overtime compensation shortfall without liquidated damages under the FLSA was Six Thousand Two Hundred Seventy-One Dollars And Eighty-Eight Cents ($6,271.88) and his minimum wage, overtime compensation, spread-of-hour, and out-of-pocket delivery mileage shortfall under the NYLL was Twenty-Four Thousand Nine Hundred Sixty-Eight Dollars And Four Cents ($24,968.04). Additionally, Plaintiff claimed Five Thousand Dollars ($5,000.00) for NYLL paystub violations and Five Thousand Dollars ($5,000.00) for NYLL Initial Time-of-Hire Notice Violations, and Two Thousand Forty-Six Dollars And Forty-Nine Cents ($2,046.49) in New York pre-judgment interest. The sum of one NYLL compensatory and liquidated damages, plus NYLL paystub and time-of-hire notice violation, with prejudgment interest, is Sixty-One Thousand Nine Hundred Eighty-Two Dollars And Fifty-Seven Cents ($61,982.57).

Plaintiff's Damages Calculation is attached hereto as Exhibit 02.

After extensive negotiations, and given the inherent risks of litigation and Defendant's capacity to pay the judgment, Plaintiff and Defendants agreed to settle for the proposed settlement amount of Fifty Thousand Dollars ($50,000.00) inclusive of attorney fees of the Plaintiff's counsel.

### B. Defendants' Assessment

Defendants deny Plaintiff's allegations. According to Defendants' records, Defendants dispute, among other things, Plaintiff's employment period and the working hours

Plaintiff is not entitled to recover compensatory damages under both Fair Labor Standards Act ("FSLA") and the New York Labor Law ("NYLL").  As such, Plaintiff's double calculation of compensatory damages under FSLA and NYLL is without merit. As for liquidated damages, courts in the Second Circuit have also held that Plaintiff is not entitled to both FSLA and NYLL damages because they serve the same practical purposes in compensating the Plaintiff and deterring wage violations.

Furthermore, the Court has the discretion to reduce or deny the liquidated damages if the employer shows that its action was in good faith and that he had reasonable grounds to believe that his act or omission was not a violation of FLSA or willful underpayment under NYLL. Defendants showed that their action was in good faith and there was no willful underpayment.  As such, Defendants are of the position that Plaintiff is not entitled to any liquidated damages.

### III.    The Attorneys' Fees Are Fair and Reasonable

Hon. Analisa Torres
Page 4

    Defendants will provide Plaintiff with a settlement in the amount of Fifty Thousand Dollars ($50,000.00).

    The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of Four Hundred Four Dollars And Fifty Cents ($404.50). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Forty-Nine Thousand Five Hundred Ninety-Five Dollars And Fifty Cents ($49,595.50).

    Of the Net Settlement Amount, One Third (1/3), or Sixteen Thousand Five Hundred Thirty-One Dollars And Eighty-Three Cents($16,531.83), is due to Plaintiff's attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of Four Hundred Four Dollars And Fifty Cents ($404.50) for a total of Sixteen Thousand Nine Hundred Thirty-Six Dollars And Thirty-Three Cents ($16,936.33). Of the Net Settlement Amount, Two Thirds (2/3), or Thirty-Three Thousand Sixty-Three Dollars And Sixty-Seven Cents($33,063.67) is due to Plaintiff. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

    The retainer agreements agreed to and signed by Plaintiff provided that Plaintiff's counsel could recover One Third (1/3) of net recovery of any settlement in addition to costs and expenses. Plaintiffs' Counsel seek only One Third (1/3) of net recovery of any settlement in addition to costs and expenses. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses, while the clients have shouldered two thirds (2/3) of all out-of-pocket expenses. A contemporaneous Time & Billing with itemized expense list is attached (See Exhibit 3).

    For the reasons provided above, the parties respectfully seek this Court's approval of the settlement.

Respectfully Submitted,

| | |
|---|---|
| **TROY LAW PLLC** | **HANG & ASSOCIATES, PLLC** |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| /s/ John Troy | |
| John Troy, Esq. | Ge Qu, Esq. |
| 41-25 Kissena Blvd., Suite 119 | 136-20 38th Ave., Suite #10G |
| Flushing, NY 11355 | Flushing, New York 11354 |
| Tel.: 718 762 1324 | Tel: 7183538522 |