UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZHENGJIAN WANG, *on his own behalf and on behalf of others similarly situated*,

                        Plaintiff,

-against-

CLL BROTHERS, INC. d/b/a Fuji Sushi;
QING CHEN, HORNG BIAU LEE, and SUM
TAN LAU a/k/a Sum Tan Liu a/k/a "John" Liu,

                        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: _6/9/2020_

19 Civ. 5145 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

      Plaintiff, Zhengjian Wang, brings this action against Defendants, CLL Brothers, Inc., Qing Chen, Horng Biau Lee, and Sum Tan Lau, for, *inter alia*, unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the New York Labor Law ("NYLL"), § 190 *et seq.* ECF No. 24.  Having reached a settlement (the "Settlement"), the parties seek the Court's approval of their proposed agreement. *See* Letter, ECF No. 38. For the reasons stated below, the motion to approve the Settlement is GRANTED.

## DISCUSSION

### I.   Legal Standard

      The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

      In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* (citation omitted).

II.   Analysis

The Settlement provides Plaintiff with a recovery of $50,000 to be allocated as follows: $33,063.67 to be paid to Plaintiff; and $16,531.83 to be paid to Plaintiff's counsel in attorney's fees, plus expenses in the amount of $404.50. Settlement Agreement § 1, ECF No. 38-1; *see also* Letter at 4. Plaintiff's counsel evaluated Plaintiff's potential damages after discussing with him the length of his employment, the nature of his work, the hours he worked, and the pay he received, and calculated Plaintiff's possible recovery to be $73,742.28. Letter at 2–3; ECF No. 38-2. Defendants dispute, however, Plaintiff's allegations regarding his employment period and working hours. Letter at 3. Defendants also dispute whether Plaintiff is entitled to liquidated damages. *Id.* Notwithstanding their disagreement, "after extensive negotiations, given the inherent risks of litigation and Defendant's capacity to pay the judgment," the parties agreed to settle the matter for $50,000. *Id.* Additionally, the parties state that they engaged in arms-length bargaining, and there is no evidence of fraud or collusion. *Id.* at 2. The Court concludes, therefore, that the Settlement satisfies each of the *Wolinsky* factors.

In addition, the release provision in the Settlement is not overly broad, as it releases Defendant from "any claims alleged in the [c]omplaint **ONLY**," and notes that "[n]othing herein shall prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the National Labor Relations Board, the Securities and Exchange Commission, the Equal Employment Opportunity Commission or a federal, state, or local fair employment

2

practices agency." Settlement Agreement § 10. The Settlement contains neither a confidentiality provision nor a non-disparagement provision. The Court is, therefore, satisfied that the Settlement is fair and reasonable.

Turning to attorney's fees, Plaintiff's counsel seeks a fee of one-third of the settlement proceeds, in the amount of $16,531.83, plus expenses in the amount of $404.50, totaling $16,936.33. Letter at 4; *see also* Timesheet, ECF No. 38-3. The Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [his] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 121 (2d Cir. 2005). Contingency fees of one-third in FLSA cases are routinely approved in this Circuit. *Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases). As a check on the reasonableness of attorney's fees, however, courts still calculate the total cost of attorney's hours billed, previously known as the lodestar method. *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *23 (S.D.N.Y. Feb. 1, 2010).

Plaintiff's counsel's billing records indicate that attorney John Troy bills at a rate of $550 per hour; Aaron Schweitzer, a managing associate, bills at a rate of $350 per hour; Maggie Huang, C.P.A., bills at a rate of $150 per hour; Preethi Kilaru, a managing clerk, bills at a rate of $200 per hour; and Tiffany Troy, who appears to perform paralegal tasks, at a rate of $150 per hour. *See* Timesheet. In all, Plaintiff's counsel billed 69.72 hours on this matter. *See id.* At these rates, Plaintiff's counsel's calculates total billable hours to be $31,963 in attorney's fees and $404.50 in costs. *See id.* at 4.

The rate proposed by Troy is higher than the norm. "In this district, courts generally award experienced wage-and-hour attorneys between $300 to $400 per hour." *Perez Garcia v. Hirakegoma Inc.*, No. 17 Civ. 7608, 2020 WL 1130765, at *12 (S.D.N.Y. Mar. 9, 2020) (collecting cases). Following the norm in this district, the Court will reduce Troy's rate to $400 per hour for purposes of calculating the lodestar and calculates Plaintiff's counsel's lodestar to be $25,472.50.

Plaintiff's counsel's requested fee award of $16,531.83 represents, therefore, one third of the Settlement, and is significantly lower than the $25,472.50 lodestar amount calculated by the Court. Courts in this circuit typically find such awards to be fair and reasonable. *See, e.g., Reinoso v. Cipriani*, No. 17 Civ. 8509, 2019 WL 2324566, at *3 (S.D.N.Y. May 30, 2019) ("Given that the proposed attorney['s] fees represent approximately one-third of the total settlement amount, and are significantly less than the proffered lodestar amount—which militates in favor of finding the requested amount reasonable—I find the fees contemplated in the [s]ettlement [a]greement to be fair and reasonable."); *Chun Lan Guan v. Long Island Bus. Institute, Inc.*, No. 15 Civ. 2215, 2020 WL 1289517, at *4 (E.D.N.Y. Mar. 18, 2020) ("Plaintiffs' counsel is receiving less in attorney['s] fees than they have billed on this matter, and their fees are consistent with the terms of [p]laintiffs' retainer agreements. The [c]ourt finds this to be a fair and reasonable attorney['s] fee in this action."). Accordingly, the Court will not disturb the fee-and-cost award agreed upon in the Settlement.

**CONCLUSION**

The parties' motion for settlement approval is GRANTED. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: June 9, 2020
      New York, New York

_____
ANALISA TORRES
United States District Judge